DOWNEY, Chief Judge,
dissenting:
Appellant was convicted by a jury of the charge of possession of a controlled substance. From the judgment and sentence he appeals, assigning as the primary errors the failure to grant his motion to suppress and his motion for directed verdict during trial.
The evidence adduced upon hearing of the motion to suppress revealed that the Broward County Sheriffs’ Department possessed a New Jersey warrant which charged that appellant “did unlawfully conspire to possess, possess with the intent to distribute, and to distribute controlled dangerous substances, contrary to the provisions of N.J.S.A. 24:21-24.” Armed with that warrant, deputies went to appellant’s house in Pompano Beach, Florida, knocked on the door and advised appellant they had a warrant for his arrest. Appellant opened the door, was arrested and asked if he could get dressed. The deputies consented and followed him into a bedroom where appellant dressed. Appellant then asked to call a lawyer to which the deputies consented. They all went into the kitchen where the telephone was located and, while there, the deputies spotted a brown vial next to a mirror and razor blade. One of the deputies picked up the vial, saw a white crystal-like substance therein and arrested appellant again for possession of cocaine.
The state’s position at the hearing on the motion to suppress was that the initial arrest, pursuant to the New Jersey warrant, was valid. The officers entered the house while appellant, who was under arrest, clothed himself. They said they knew he had weapons in the house, and while properly in the house they observed the contraband in plain view![1] On the other hand, appellant contended at the suppression hearing that, not only was the contraband not in plain view, but the officers had no right to be in the house because the initial arrest was invalid. Appellant maintains that the deputies had no right to arrest appellant pursuant to the New Jersey warrant.
On appeal appellant submits that a warrant issued in one state for the arrest of a person cannot be executed in another state; it has no validity as a basis for arrest beyond the borders of the issuing state. Passett v. Chase, 91 Fla. 522, 107 So. 689 (Fla.1926). Therefore, under appellant’s theory the deputies had no authority to arrest appellant in the first instance.
The state answers the foregoing argument first by pointing to the inadequacy of the record; a copy of the warrant was not in the record. Furthermore, the state seeks to rely upon Section 941.14, Florida Statutes (1977), to justify the initial arrest. That statute provides that a person may be arrested without a [Florida] warrant upon reasonable information that they are *861 charged in the courts of another state with a felony. Therefore, the state concludes that the New Jersey warrant supplied reasonable information that appellant was charged with a felony in another state.
Appellant responds by showing the record on appeal was supplemented by stipulation and a copy of the New Jersey warrant is now available. Secondly, appellant argues the arrest in question was made pursuant to the New Jersey warrant by serving it on appellant with an appropriate return made on the warrant and forwarded on to the New Jersey authorities. The police did not rely upon Section 941.14, Florida Statutes (1977), nor did the state rely upon that authority in the trial court.
I would not hold the reliance on the New Jersey warrant by both the police and the prosecutor fatal if Section 941.14, Florida Statutes (1977), were a valid basis in this case for the initial arrest. However, this record is devoid of any proof that the New Jersey warrant charged appellant with a felony under the laws of New Jersey. It may well be the charge in question does constitute a felony under New Jersey laws, but that is an element of proof which the state was charged with carrying at the suppression hearing since they arrested appellant without a warrant. I suppose the state never undertook to prove that point because the state’s position in the trial court was that the arrest upon authority of the New Jersey warrant satisfied the criteria for a valid arrest. Having changed its tack, the state now finds itself without having adequately proved the validity of the arrest under Section 941.14, Florida Statutes (1977).
It seems to me we need not reach the questionable plain view holding of the trial court because the original arrest was invalid, requiring the trial court to suppress the evidence obtained as a result thereof.
Accordingly, I would reverse the judgment and sentence appealed from.

. The testimony was that the deputies did not see the contraband in plain view. They saw a brown vial, a mirror and a razor blade; until they opened the vial and looked in they did not know it was contraband. Of course, the juxtaposition of the vial, mirror and razor made them suspect there might be contraband there (T. 29).